UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTWAN M. GREEN,

                    Plaintiff,

        -against-

CORRECTIONAL EMERGENCY RESPONSE
TEAM; EDWARD BURNETT; ANTHONY J.
ANNUCCI; NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,

                   Defendants.

22-CV-4631 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who proceeds *pro se*, was incarcerated at Fishkill Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) when she filed this action but has since been released. She brings this action under 42 U.S.C. § 1983, asserting claims arising from a group strip search on December 29, 2021.[1] By order dated June 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* – that is, without prepayment of fees.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Plaintiff alleges that she has been diagnosed with gender dysphoria and identifies as a woman. The Court therefore uses female pronouns. Plaintiff was housed in a facility for male prisoners.

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.     New York State DOCCS

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the New York State DOCCS and its agents in their official capacities (DOCCS Commissioner Anthony Annucci and Fishkill Superintendent Edward Burnett) are therefore barred by the Eleventh Amendment and are dismissed.[2]

### B.     DOCCS Commissioner Annucci and Fishkill Superintendent Burnett

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

---

[2] Plaintiff has been released from incarceration and seeks only damages. The complaint thus is not construed as asserting claims for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), against the DOCCS Commissioner and Superintendent in their official capacities.

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to

an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not

be held liable under Section 1983 solely because that defendant employs or supervises a person

who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government

officials may not be held liable for the unconstitutional conduct of their subordinates under a

theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the

official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how DOCCS Commissioner Annucci and

Fishkill Superintendent Burnett were personally involved in the events underlying Plaintiff's

claims.[3] Plaintiff's claims against Defendants Annucci and Burnett in their individual capacities

are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**C.    Correctional Emergency Response Team**

Plaintiff names the "Correctional Emergency Response Team" as a defendant in this

action. Such teams are groups of specially trained correction officers. A Correctional Emergency

Response Team of officers is not itself a legal entity with the capacity to be sued. Plaintiff's

claims against "the Correctional Emergency Response Team" are therefore dismissed without

prejudice because this defendant lacks the capacity to be sued.

---

[3] Plaintiff does allege that in January 2022, Superintendent Burnett told Plaintiff that he was aware of "what had occurred with CERT." (ECF 2 at 15-16.) At that point, the events giving rise to Plaintiff's claims had already ended, and she had filed a grievance. Such allegations do not show that Defendant Burnett was personally involved in violating Plaintiff's rights.

In the complaint, however, Plaintiff identifies two correction officers on the team (described further below) who allegedly caused the violations of her rights. The Court therefore directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to add the following defendants to the caption on the docket: John Doe, CERT member; and Jane Doe, CERT member.

**D.     John and Jane Doe CERT members**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOCCS to identify the following defendants who were members of the CERT assigned to search housing unit 16-2 on December 29, 2021, at Fishkill Correctional Facility: (1) John Doe, CERT member,  a 260-pound African-American man; and (2) Jane Doe, CERT member, an African-American woman. It is therefore ordered that the New York State Attorney General, which is the attorney for and agent of the DOCCS, must ascertain the identity and badge number of each Doe defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days after receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

4

## CONCLUSION

The Court dismisses, due to Eleventh Amendment immunity, Plaintiff's Section 1983

claims against DOCCS, and her Section 1983 official-capacity claims against DOCCS

Commissioner Annucci and Fishkill Superintendent Burnett. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff's individual-capacity claims under Section 1983 against DOCCS

Commissioner Annucci and Fishkill Superintendent Burnett for their lack of personal

involvement. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses Plaintiff's claims against the

Correctional Emergency Response Team because it lacks the capacity to be sued. The Clerk of

Court is directed, under Fed. R. Civ. P. 21, to add as Defendants (1) John Doe, CERT member,

and (2) Jane Doe, CERT member.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New

York State Attorney General at: 28 Liberty Street, 15th Floor, New York, New York 10005. The

Clerk of Court is further directed to mail an information package to Plaintiff.

An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   6/15/22
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 2:

First Name                Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 3:

First Name                Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 4:

First Name                Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____